## No. 11,525.

KANSAS CITY LIFE INSURANCE CO. *v.* PROWERS COUNTY OIL AND GAS CO., ET AL.

Decided March 14, 1927.

Action to foreclose mortgage.   Judgment for plaintiff, but insufficient in amount.

## *Reversed.*

1. MORTGAGE—*Taxes.* So long as a real estate mortgage is in force, it is the duty of the mortgagor to pay the taxes on the mortgaged property, and if he does not the mortgagee may do so and have the amount added to his judgment on foreclosure.

2. TAXES AND TAXATION—*Surface and Subsurface Rights.* Where one party owns the surface and another the subsurface rights in land, although but one assessment for taxation is made on the tract, it covers the interest of both owners and not that of the surface owner only.

3. TRUST DEED—*Taxes.* The beneficiary of a trust deed cannot recover from the mortgagor nor from the mortgagor of other property for the same debt, the amount paid for taxes which became due after he became the owner by certificate of purchase under trustee's sale.

*Error to the District Court of Prowers County, Hon. A. C. McChesney, Judge.*

Mr. THOMAS J. HIGGS, Messrs. HILLYER & KINKAID, for plaintiff in error.

Mr. ALLYN COLE, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error, which we will call the insurance company, had a decree of foreclosure of a mortgage against the defendants in error, which we will call the oil company and the land company, for the sale of the land in question to pay a balance of $468.29 on a note, with interest, in all amounting to $583.79. The insurance company, claiming a much larger sum, brings error.

The land company was the owner of a large amount of land in Prowers county. It conveyed to the oil company the coal, oil, gas and other minerals under the surface thereof, and the right to explore and prospect therefor, and thereafterwards borrowed $90,000 of the insurance company and gave the note and trust deed dated October 20, 1920, to secure the payment thereof, purporting to convey full title to said land, with the usual covenants for payment of taxes by the grantor or on his default by the holder of the note. At the same time the oil company gave to the insurance company a mortgage on its interest in the lands, conditioned as follows: "Now Therefore, if the said The Williams & Maxwell Land and Cattle Company, its successors and assigns, shall well and truly pay, or cause to be paid, to the said Kansas City Life Insurance Company, its successors and assigns the said sum of Ninety Thousand Dollars ($90,000.00) with interest thereon as specified in said note, then and thenceforth these presents, and everything herein contained, shall cease and be void, everything herein contained to the contrary notwithstanding." This mortgage said nothing about taxes.

December 6, 1922, the public trustee, having duly advertised the property which the trust deed purported to

convey, sold the same to the insurance company for $87,600 and delivered his certificate. The property was then subject to the lien of the taxes for 1922, which were not yet due. During the period of redemption the insurance company paid these taxes which had become due and amounted to say $2,300. After the delivery of the trustee's deed the insurance company paid the taxes of 1923, $2,250.75, which had wholly accrued since the said sale.

The present suit was brought to foreclose the mortgage on the rights of the oil company to pay the deficiency which resulted from the trustee's sale, and was brought after the last payment of taxes above mentioned. The question before the district court was the amount of that deficiency and there is no dispute here that the decree was correct except as to the taxes paid by the insurance company as above stated, and it claims that the court erred in disallowing these payments as a part of its claim against the mortgaged property.

The position of the insurance company is partly right.

By the terms of the mortgage the mortgaged property, i. e., the subsurface rights, are subject to be sold to pay any defienicy and it is conceded that there was a deficiency; the mortgage, therefore, was in force after the trustee sale, continued in force and is still in force. So long as it is in force it is the duty of the mortgagor to pay the taxes on the mortgaged property, and, by statute, C. L. § 7400, if he does not, the mortgagee may do so and add the amount to his judgment. It follows that whatever tax the insurance company has paid on the subsurface rights of the oil company must be added to the judgment. It may not be easy to determine the exact amount because the taxes were assessed on the land as a whole, with no segregation of the several rights of the land company and the oil company, but it cannot be impossible, since the segregation has recently been made by the assessor.

The claim of the defendants in error that the taxes in question were assessed and levied on the interest of the land company only will not stand. It is undisputed that there was one levy in the ordinary way, as upon other land, and that the insurance company paid the whole tax. There can be no question, then, that the levy covered the interest of both the companies defendant, nor that the insurance company has paid the oil company's taxes.

We cannot agree with the claim of the plaintiff in error that, because the oil company neglected its duty to segregate its interest in its tax return, the insurance company may add the whole tax to its judgment. So far as the land company's interest is concerned one-half the taxes in question were paid by the insurance company after it had become the owner by certificate and the other half after it had become the full owner. There is no rule, so far as we know, to permit a beneficiary of a trust deed to recover such payment even from the grantor therein or the debtor, still less from a mortgagor of other property though for the same debt.

The judgment is reversed with directions to allow, in addition to the present judgment, such of the taxes paid by plaintiff in error as evidence may show is properly apportioned to the property covered by the mortgage.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.